1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GORDON JAMES WRIGHT,

11              Petitioner,              No. CIV S-09-2543 FCD DAD P

12        vs.

13    J. HAMLET, Warden,

14              Respondent.              ORDER

15    _____/

16         Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  In accordance with the court's September 16, 2009 order,

18    petitioner has filed an application to proceed in forma pauperis.  Petitioner has also filed a one-

19    page motion for a stay and abeyance.

20         Examination of the in forma pauperis application reveals that petitioner is unable

21    to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

22    granted.  See 28 U.S.C. § 1915(a).

23                            **BACKGROUND**

24         On September 10, 2009, petitioner commenced this action by filing a petition for

25    writ of habeas corpus.  Therein, petitioner challenges his 2007 judgment of conviction entered in

26    the Shasta County Superior Court, asserting five grounds for habeas relief.  (Pet. at 5 & Attach.)

1

1    In his brief motion for a stay and abeyance, petitioner asks the court to "stay/toll

2 time on his federal petition for writ of habeas corpus on all grounds."  He further asks the court

3 to "[s]tay any further proceedings until such a time that all issues raised in state habeas petition

4 have been completely exhausted at all state levels."  Petitioner notes that he has included all of

5 his claims for relief in the petition pending before this court.  (Mot. for Stay & Abey. at 1.)

6                                    **STAY AND ABEYANCE PROCEDURES**

7    The United States Court of Appeals for the Ninth Circuit recently analyzed the

8 two procedures available to habeas petitioners who wish to proceed with exhausted and

9 unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth

10 Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063

11 (9th Cir. 2003).  Under the three-step Kelly procedure,

12            (1) the petitioner amends his petition to delete any unexhausted
             claims, (2) the court stays and holds in abeyance the amended, fully
13            exhausted petition, allowing petitioner the opportunity to proceed
             to state court to exhaust the deleted claims, and (3) petitioner later
14            amends his petition and re-attaches the newly-exhausted claims to
             the original petition.
15

16 King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be

17 able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's

18 newly-exhausted claims are untimely, he will only be able to amend his petition to include them

19 if they share a "common core of operative facts" with the claims in his original petition.  In this

20 regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for

21 a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring

22 during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75

23 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not

24 toll the statute of limitations).

25    As the Ninth Circuit explained in King, the United States Supreme Court has

26 authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277

1   (2005).  Under the <u>Rhines</u> procedure, the petitioner need not amend his petition to delete

2   unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his

3   unexhausted claims remain pending in federal court while he returns to state court to exhaust

4   them.  <u>See</u> <u>King</u>, 564 F.3d at 1140; <u>Jackson v. Roe</u>, 425 F.3d 654, 660 (9th Cir. 2005) ("<u>Rhines</u>

5   concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to

6   return to state court to present unexhausted claims.").  A petitioner who elects to proceed under

7   the <u>Rhines</u> procedure can, in many instances, avoid an issue with respect to the timeliness of his

8   petition.  <u>See</u> <u>King</u>, 564 F.3d at 1140.  However, the Supreme Court cautioned that a "stay and

9   abeyance [under the <u>Rhines</u> procedure] should be available only in limited circumstances," and

10  "district courts should place reasonable time limits on a petitioner's trip to state court and back."

11  <u>Rhines</u>, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a

12  stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the

13  unexhausted claims are plainly meritless.  <u>Id.</u> at 278.  In addition, federal proceedings may not be

14  stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state

15  court to exhaust additional claims.  <u>Id.</u> at 277-78.

16  **DISCUSSION**

17          Based on petitioner's filing of a "mixed" petition as well as his expressed concern

18  regarding the running of the statute of limitations for the filing of a federal petition, the court has

19  construed petitioner's motion for a stay and abeyance as a motion under the <u>Rhines</u> procedure

20  outlined by the United States Supreme Court.

21          Petitioner's concern regarding the expiration of the federal statute of limitations is

22  well taken.  However, based on the information he has provided to the court in his motion, it is

23  not clear that the granting of a stay and abeyance is appropriate in this case.  In this regard,

24  petitioner's motion for a stay and abeyance does not provide sufficient facts and information to

25  satisfy the requirements of <u>Rhines</u>.  For instance, the court is unable to determine whether

26  petitioner has good cause for not exhausting all of his claims before filing this federal habeas

1    action, whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner

2    has been diligent in pursuing his unexhausted claims.  <u>See</u> <u>Taylor</u>, 134 F.3d at 987 n.8 & n.11

3    (failure to show diligence in pursuing claims may foreclose the granting of a stay).  Accordingly,

4    the court will deny petitioner's motion without prejudice to the filing of a renewed motion for a

5    stay and abeyance within thirty days.

6          Petitioner is advised that any renewed motion for a stay and abeyance must:

7    (1) show good cause for petitioner's failure to exhaust all claims before filing this action; (2)

8    demonstrate why each of petitioner's unexhausted claims is potentially meritorious; (3) describe

9    the status of any state court proceedings on the unexhausted claims; and (4) demonstrate that

10   petitioner has acted diligently in pursuing his unexhausted claims.

11                                    **OTHER MATTERS**

12          Petitioner has also filed a motion for a court order requiring the trust account

13   office at the Correctional Training Facility at Soledad to complete his application to proceed in

14   forma pauperis.  The court will deny petitioner's motion as moot.  As noted above, the court has

15   received and will grant petitioner's application to proceed in forma pauperis.

16                                      **CONCLUSION**

17          In accordance with the above, IT IS HEREBY ORDERED that:

18          1.  Petitioner's September 24, 2009 application to proceed in forma pauperis

19   (Doc. No. 5) is granted;

20          2.  Petitioner's September 10, 2009 motion for a stay and abeyance (Doc. No. 2) is

21   denied without prejudice;

22          3.  Petitioner is granted thirty days from the date of service of this order in which

23   to file a renewed motion for a stay and abeyance addressing the issues set forth above; and

24   /////

25   /////

26   /////

4.  Petitioner's October 7, 2009 motion for a court order (Doc. No. 9) is denied as moot.

DATED: October 26, 2009.

_____

DALE A. DROZD

UNITED STATES MAGISTRATE JUDGE

DAD:9
wrig2543.msty