IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON JAMES WRIGHT,

        Petitioner,                    No. CIV S-09-2543 KJM DAD

        vs.

J. HAMLET

        Respondent.               FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 1, 2010, the undersigned ordered respondent to file a response to petitioner's December 31, 2009 amended habeas petition. On June 14, 2010, respondent filed a motion to dismiss the petition, arguing that petitioner had failed to exhaust all of his federal constitutional claims by first presenting them to the California Supreme Court. Petitioner filed an opposition to the motion on July 28, 2010. Respondent elected not to file a reply.

**BACKGROUND**

        On January 10, 2007, a Shasta County Superior Court jury convicted petitioner

> in case No. 04F6567 of transporting methamphetamine (Health & Saf.Code, § 11379, subd. (a)), FN1 possessing methamphetamine for sale (§ 11378), possessing drug paraphernalia (§ 11364, a misdemeanor), and possessing less than 28.5 grams of marijuana, a

1

> misdemeanor (§ 11357, subd. (b)). It found defendant not guilty of being under the influence of a controlled substance (§ 11550, subd. (a)), and the court declared a mistrial when the jury could not reach a verdict on the charge of driving under the influence of drugs (Veh.Code, § 23152, subd. (a)). The court found true the special allegations regarding prior drug-related convictions (§ 11370.2, subd. (c)) and a prior prison term ( Pinched, § 667.5, subd. (b)).
>
> FN1. Hereafter, undesignated statutory references are to the Health and Safety Code.
>
> In case No. 06F11120, defendant pled guilty to one count of failure to appear in case No. 04F6567 (Pinched, § 1320.5) and admitted the "on-bail" enhancement (Pinched, § 12022.1). The parties agreed to dismiss other felony and misdemeanor charges pending against defendant including case No. 04F7290. The court sentenced defendant to an aggregate term of 15 years and eight months in case Nos. 04F6567 and 06F11120.

(Notice of Lodging Doc. on Jan. 28, 2011, Appellant's Petition for Review to the California Supreme Court, Ex. A. (hereinafter "Ct. of Appeal Opinion") at 1-2. See also Amended Petition (hereinafter "Pet.") at 1-2.) On August 19, 2008, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. (Ct. of Appeal Opinion at 1-2.) On September 17, 2008, petitioner sought review in the California Supreme Court on two grounds, claiming that: (1) the trial court's refusal to accept the parties' agreed-upon plea bargain violated petitioner's right to equal protection; and (2) that the trial court abused its discretion in denying petitioner his statutory right to plea bargain. (Notice of Lodging Doc. on Jan. 28, 2011, Appellant's Petition for Review to the California Supreme Court (hereinafter "S. Ct. Pet.") The California Supreme Court denied review on November 19, 2008. (Pet. at 3.)

On April 1, 2008, petitioner filed a petition for habeas corpus in the Shasta County Superior Court, which was summarily denied on April 7, 2009. (S. Ct. Pet., Appx. B.) Petitioner filed a petition for habeas corpus in the California Court of Appeal for the Third Appellate District, which was summarily denied on July 24, 2008. (Id., Appx. C.) On December 4, 2008, petitioner filed a second habeas petition in the Shasta County Superior Court, which was

2

summarily denied on January 29, 2009. (Id., Appx. D.) On March 12, 2009, the California Court of Appeal summarily denied petitioner's second habeas petition filed in that court. (Id., Appx. E.)

On May 6, 2009, petitioner filed a petition for habeas corpus in the California Supreme Court. (S. Ct. Pet, Attached Docket Sheet at 1.) The California Supreme Court summarily denied that petition on October 22, 2009, citing In re Swain, 34 Cal. 2d 300, 304 (1949) (dismissal of state habeas petition for vague and conclusory allegations).

On September 10, 2009, while his habeas petition in the California Supreme Court was still pending, petitioner commenced this action by filing a federal petition for writ of habeas corpus setting forth five claims for relief and numerous sub-claims relating to petitioner's arrest and trial. Based on petitioner's filing of a "mixed" petition consisting of both exhausted and unexhausted claims and his "motion to stay and abe[y]" filed concurrently with his petition, the undersigned construed petitioner's motion as one brought pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005). However, because it did not satisfy the requirements of Rhines, the undersigned on October 27, 2009, denied the motion without prejudice to the filing of a renewed Rhines motion within thirty days. (Doc. No. 12.)

Instead of filing a new motion for stay and abeyance under Rhines, petitioner filed the operative Amended Petition on December 31, 2009.[1] He noted that on October 22, 2009, the California Supreme Court had denied his petition for writ of habeas corpus, and that he no longer had any petitions pending on appeal or in any other court as to the judgment of conviction under attack. Accordingly, on March 1, 2010, the court directed respondent to file a response to the Amended Petition. (Doc. No. 19.)

In his Amended Petition, petitioner asserts thirteen grounds for habeas relief. His first set of claims allege violations of his constitutional right to a fair trial, specifically as follows:

---

[1] Petitioner also filed a memorandum in support of the Amended Petition and a "Rebuttal to State Superior Ct. & State Supreme Ct. Ruling(s) Denying Petition." (Doc. Nos. 17, 18.)

3

the trial judge incorrectly denied a recusal motion (Claim 1); petitioner was denied due process when the trial judge would not allow him, personally, to seek suppression of evidence under the Fourth Amendment when his trial counsel declined to move for suppression (Claim 2); and the trial judge wrongly overruled a hearsay objection made by petitioner's trial counsel (Claim 3). (Pet. at 5-6.)

The next set of claims allege ineffective assistance of trial counsel. Specifically, petitioner claims that his trial counsel rendered ineffective assistance when he: advised petitioner to waive his right to a preliminary hearing, where trial counsel "did not even have complete police reports or discovery at the time of this advice" (Claim 4); failed to challenge the prosecution's bases for probable cause for arresting petitioner for driving under the influence (Claim 5); failed to challenge the warrantless search of petitioner's car and declined to move to suppress evidence that petitioner believed was obtained illegally (Claim 6); failed to secure petitioner's vehicular and medical reports to challenge the prosecution's basis for probable cause for arresting petitioner (Claim 7); failed to challenge the police officer's stated reason for petitioner's prolonged detention (Claim 8); and failed to file motions for judicial recusal and to suppress evidence, as petitioner requested (Claim 9). (Id. at 6-8.)

Petitioner's next set of claims concern the prosecutor's conduct.[2] In this regard, petitioner alleges that the prosecution erred by destroying petitioner's blood sample without properly testing it (Claim 10); and that the prosecutor committed misconduct by failing to produce in discovery a "missing report" of a controlled substance examination done on petitioner at the time of his arrest (Claim 11). (Id. at 8-9, 54-55.)

Petitioner's final set of claims allege ineffective assistance of his appellate counsel. In this regard, petitioner claims that his appellate counsel erred by failing to raise the

---

[2] To warrant habeas relief, prosecutorial misconduct must "'so infect the trial with unfairness as to make the resulting conviction a denial of due process.'" Davis v. Woodford, 384 F.3d 628, 644 (9th Cir.2004) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)).

4

issues reflected in Claims 1, 2, 3, and 10 on direct appeal (Claim 12); and failed to challenge petitioner's warrantless arrest, warrantless search, and ineffective assistance of trial counsel on direct appeal or in state habeas proceedings (Claim 13). (Id. at 9.)

## RESPONDENT'S MOTION TO DISMISS

Respondent has moved to dismiss the pending habeas petition, arguing that petitioner failed to exhaust all of his claims or sub-claims for federal habeas relief presented under his thirteen listed grounds for relief. Specifically, respondent argues that "[i]t does not appear that Petitioner's state court presentation comprised the assertion of the same historical facts, and argument as to what legal consequences followed from those historical facts, as are reflected in his federal court presentation." (Motion to Dismiss (hereinafter "MTD") at 5-6.) According to respondent's broad brushed argument, petitioner's Claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 are unexhausted for this reason – i.e., all of petitioner's federal claims for habeas relief except for his Claim 3.

Moreover, as to each of petitioner's claims of ineffective assistance of trial counsel (Claims 4-9), respondent argues that "the habeas petition filed in the California Supreme Court appears only to have included mention of a theory of denial of the ineffective assistance of counsel as a procedural device to preclude a procedural default. But, to exhaust a claim on denial of ineffective assistance of counsel, that claim had to have been made an independent claim in the [state] habeas petition . . . , and not merely as a procedural device." (E.g., MTD at 6.)

## PETITIONER'S OPPOSITION

Petitioner argues that any additional facts alleged in the instant federal habeas petition that were not presented to the California Supreme Court are "[s]upplemental evidence that does not fundamentally alter the legal claim already considered by the state courts," and thus can be "considered for the first time on federal habeas corpus." (Opposition (hereinafter "Opp'n") at 6.) He argues that each claim challenged by respondent as unexhausted was fairly presented to the California Supreme Court, except for Claim 11 (alleging that the prosecutor

committed misconduct in failing to disclose a "missing report"). As to that claim, petitioner states that he "inadvertently left this claim out of his State Supreme habeas although it was in both Superior and Appellate Court petitions" and adds that the court may "excuse it as [an] unexhausted claim and proceed on the petition without it." (Opp. at 17.)

**ANALYSIS**

I. Exhaustion of State Court Remedies

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); Scott v. Schriro, 567 F.3d 573, 583 (9th Cir. 2009) ("All exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity."); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived exhaustion unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation

requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). This requires petitioner to have "characterized the claims he raised in state proceedings specifically as federal claims." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis in original) (internal citation omitted). "In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation. Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Id. (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)). Thus, a claim is unexhausted where the petitioner did not fairly present the factual or legal basis for the claim to the state court. See Picard v. Connor, 404 U.S. at 275. "[I]t is not enough . . . that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). As a rule, the "mere similarity of claims is insufficient to exhaust." Duncan, 513 U.S. at 365-66.

On the other hand, "new factual allegations do not ordinarily render a claim unexhausted." Beatty v. Stewart, 303 F.3d 975, 989 (9th Cir. 2002). A claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986). See also Beatty, 303 F.3d at 989-90; Weaver, 197 F.3d at 364. It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court. Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994) (emphasis in original). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). Rather, the introduction of new evidence affects the fair presentation requirement only when it "substantially improves the evidentiary basis" for petitioner's claims. Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988). New factual allegations that are merely cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion. Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir.

1984), aff'd, 474 U.S. 254 (1986). See also Weaver, 197 F.3d at 364 (acknowledging that although the "precise factual predicate" for a claim had changed after the evidentiary hearing in federal court, the claim remained rooted in the same incident and was therefore exhausted).

Thus, exhaustion does not require that every piece of evidence supporting the federal claim be presented to the highest state court. Davis, 511 F.3d at 1009. Rather, "to exhaust the factual basis of the claim, the petitioner must only provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." Id. (internal quotation marks omitted). Moreover, it is important to keep in mind that habeas "petitions must be read in context" and that "pro se [habeas] petitions are held to a more lenient standard than counseled petitions." Davis, 511 F.3d at 1009 (quoting Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) and Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003)). Accordingly, "fair presentation" requires only that claims be alleged with as much particularity as is practicable under the circumstances. See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986).[3]

II. Discussion

As noted above, petitioner has raised thirteen grounds for habeas relief in his filings with this court. Claims 1 through 3 relate to alleged due process violations at petitioner's trial. Claims 4 through 9 allege ineffective assistance of petitioner's trial counsel in violation of

---

[3] In some respects respondent's motion to dismiss fails to recognize these binding Ninth Circuit decisions addressing the exhaustion requirement. Instead respondent devotes considerable time addressing minor differences in the allegations of the pro se petition filed by petitioner in the California Supreme Court and the one he has submitted to this court. There is no doubt that those pro se petitions are rambling and, at times, difficult to decipher. Frankly, that is the nature of many pro se filings and is why the Ninth Circuit has held in this area that "pro se [habeas] petitions are held to a more lenient standard than counseled petitions." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003)). See also Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) ([T]he complete exhaustion rule is not to trap the unwary pro se petitioner.") (quoting Slack v. McDaniel, 529 U.S. 473, 487 (2000)), cert. denied 541 U.S. 956 (2004). In short, many of the minor differences between the specific allegations of the two pro se petitions, unfortunately focused on at length by respondent, are simply of no legal import.

the Sixth Amendment. Claims 10 and 11 allege prosecutorial error or misconduct in violation of petitioner's federal due process rights. Claims 12 and 13 allege ineffective assistance of petitioner's appellate counsel. Below, the court will address whether each of these claims have been exhausted.

### A. Claim 11

Petitioner concedes that he has not exhausted Claim 11, alleging that the prosecutor failed to produce in discovery a report a of a controlled substance examination conducted on petitioner at the time of his arrest. The court concurs that this claim was not fairly presented by petitioner to the California Supreme Court and therefore is unexhausted. Moreover, petitioner's representation that he "inadvertently" omitted this claim from his habeas petition to the California Supreme Court does not support a finding of good cause for failure to exhaust that would warrant a stay pursuant to Rhines v. Weber, 544. U.S. 269 (2005). See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) ("To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-abey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner . . . could . . . secure a stay. Such a scheme would run afoul of Rhines . . .") Accordingly, respondent's motion to dismiss should be granted as to this claim.

### B. Due Process Claims

After carefully reviewing petitioner's submissions to the California Supreme Court, the undersigned concludes that petitioner did not exhaust Claim 1 (trial judge erred in failing to recuse himself). While petitioner set forth essentially the same operative facts in his habeas petition filed with California Supreme Court as in the instant petition, in the former he cited only to state law and did not characterize his claim as a federal claim. (S. Ct. Pet., Attachment A at 2-3.) Nor did the California authority cited by petitioner in his California Supreme Court petition address the legal standard for a federal constitutional violation. See

1  Castillo, 399 F.3d at 999.  Rather, in his California Supreme Court petition petitioner's relied
2  upon the decision in Solberg v. Superior Court, 19 Cal. 3d 182, 199 (1977), where the California
3  Supreme Court explicitly declined to adopt the federal practice on judicial disqualification, and
4  instead interpreted California Code of Civil Procedure § 170.6 (providing for the disqualification
5  of trial judges by party or attorney motion) solely on the basis of state law.  Because petitioner's
6  citations to California Code of Civil Procedure § 170.6 and Solberg in his California Supreme
7  Court petition did not implicate a federal constitutional theory in support of his recusal claim, the
8  claim as presented here is unexhausted and respondent's motion to dismiss should be granted as
9  to this claim.
10         As to Claim 2, (trial court erred by not allowing petitioner to personally seek
11  suppression of evidence), petitioner in his habeas petition filed with the California Supreme
12  Court characterized this primarily as a Sixth Amendment claim implicating his right to
13  competent trial counsel.  Specifically, petitioner's legal theory presented to the state high court
14  was that his trial counsel failed to move to suppress evidence obtained in violation of the Fourth
15  Amendment; and that the trial judge, despite knowing that petitioner's trial counsel was
16  incompetent, wrongfully denied petitioner's own request for an evidentiary hearing.  (S.Ct. Pet.,
17  Attachment A at 1.)  Petitioner argued to the California Supreme Court that, under these
18  circumstances, his Fourth Amendment claim as to the disputed evidence should be brought as a
19  Sixth Amendment claim and "reviewed under those same rules."  (Id.) (citing Kimmelman v.
20  Morrison, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth
21  Amendment claim competently is the principal allegation of ineffectiveness, . . . . [petitioner's]
22  defaulted Fourth Amendment claim is one element of proof of his Sixth Amendment claim[.]")
23  In contrast, in the instant petition, petitioner suggests that the trial court's error constituted a due
24  processs/fair trial violation cognizable under the Fifth Amendment.  Because no such legal theory
25  was "fairly presented" to the California Supreme Court, this claim as presented to this court is
26  /////

not exhausted and respondent's motion to dismiss should be granted as to petitioner's Claim 2 as well.

As to Claim 3 (trial court wrongly overruled hearsay objection), the record before this court establishes that petitioner exhausted this claim by presenting it first to the California Supreme Court for consideration. (See S.Ct. Pet., Attachment A at 2.) Specifically, in his petition filed with the California Supreme Court petitioner argued that the trial court had issued "[w]rongful ruling on hearing testimony" thereby denying him the "right to confront witness" and cited both U.S. Supreme Court and Ninth Circuit authority in support of his conclusion that he was denied a fair trial as a result. (Id.) Accordingly, the undersigned concludes that respondent's motion to dismiss petitioner's Claim 3 should be denied.

### C.  Ineffective Assistance Claims

In his habeas petition filed with the California Supreme Court, petitioner made numerous factual allegations in support of his of ineffective assistance of trial counsel claims. (S.Ct. Pet., Attachment D at 1-6.) However, petitioner did not allege that his trial counsel erred by advising him to waive his preliminary hearing when counsel lacked "complete police reports or discovery at the time of this advice." (Pet. at 6.) Because this factual basis for petitioner's current  Claim 4 was not fairly presented to the California Supreme Court it is unexhausted and respondent's motion should be granted as to this claim.

As to Claim 5 (trial counsel's ineffective assistance in failing to challenge the existence of probable cause to arrest petitioner for DUI), the undersigned concludes that petitioner exhausted both the legal and factual bases for this claim by presenting them to the California Supreme Court. (S. Ct. Pet., Attachment D at 1-5.) In this regard, in his petition filed with the California Supreme Court petitioner argued that his trial counsel "failed to investigate and obtain D.M.V. evidence . . . to show court, officer (sic) had no right to stop defendant when temporary permit was properly displayed." (Id. at 1-2.)  In support of his ineffective assistance of counsel claim petitioner referred the California Supreme Court to the Sixth Amendment of the

1  U.S. Constitution and to the decision in Strickland v. Washington, 466 U.S. 668 (1984). (Id. at
2  4.) Similarly, the undersigned finds that Claim 6 (trial counsel provided ineffective assistance by
3  failing to challenge the warrantless search of petitioner's car and declining to move to suppress
4  evidence that petitioner believed was obtained illegally) was also fairly presented to the
5  California Supreme Court. (Id. at 1, 4-5.) This is the case because petitioner specifically argued
6  in his petition before the California Supreme Court that his trial counsel was ineffective in failing
7  to challenge by motion the warrantless search of his car, apparently telling petitioner that it was a
8  valid inventory search, and accepting the investigating officers' version of events while citing to
9  the same federal authority noted above. (Id.) Petitioner also exhausted Claim 7 (trial counsel
10 failed to secure DMV and medical reports to challenge officer's stated reasons for arresting
11 petitioner) in his petition to the California Supreme Court because, as noted above, petitioner
12 specifically raised this issue before the California Supreme Court. (Id. at 1-2.) Thus,
13 respondent's motion to dismiss these claims as unexhausted is unpersuasive and should be
14 denied.
15            As to Claim 8 (trial counsel failed to challenge the police officer's stated reasons
16 for petitioner's prolonged detention), petitioner alleged in his petition filed with the California
17 Supreme Court that he was subject to prolonged detention by the police in violation of his Fourth
18 Amendment rights, because the officer's initial reason to stop him was invalid and he did not
19 pose a threat to anyone. (S.Ct. Pet., Attachment B at 1-2.) While petitioner characterized this
20 and other factual allegations related to his arrest and detention primarily as Fourth Amendment
21 violations, he included in his state habeas petition a legal argument that his Fourth Amendment
22 claim (consisting of numerous sub-claims, including as regarding his prolonged detention)
23 "should be reviewed and considered as a 6th amendment claim of IAC as required by Federal
24 Court Rule." (Id. at 9.) See Kimmelman, 477 U.S. at 382 ("Although a meritorious Fourth
25 Amendment issue is necessary to the success of a Sixth Amendment claim like respondent's, a
26 good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those

habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence."). Without more, however, petitioner's brief, passing attempt to characterize his allegations regarding his prolonged detention as including a claim of ineffective assistance of trial counsel falls short of the fair presentation requirement. See Morgande v. Tilton, No. 2:07-CV-1824-MMS, 2009 WL 2515791, at *7 (E.D. Cal. Aug. 13, 2009) ("fleeting reference" in a California Supreme Court petition to a "generic and buried assertion of a due process violation does not constitute a fair presentation of the substance of the claim to the state court for purposes of exhaustion") (Schroeder, J.)  Because this claim is not exhausted, respondent's motion should be granted as to petitioner's Claim 8.

As to Claim 9 (trial counsel failed to file motions for judicial recusal and to suppress evidence), the undersigned finds that the record establishes petitioner exhausted this claim by presenting it first to the California Supreme Court. (S.Ct. Pet., Attachment D at 1, 3-4.) Again, a review of the pro se petition filed with the California Supreme Court establishes that petitioner claimed therein that his counsel provided constitutionally ineffective assistance by failing to file a motion to recuse the trial judge pursuant to California Penal Code § 170.6 and by refusing to challenge by way of motion to suppress the search of petitioner's vehicle. (Id.)

Petitioner's remaining Sixth Amendment claims in the instant federal habeas action allege ineffective assistance of appellate counsel. Having reviewed petitioner's arguments presented in his petition filed with the California Supreme Court on this subject, the undersigned concludes that petitioner has exhausted Claim 12 to the extent that he alleges that his appellate counsel failed to challenge trial court errors. In this regard, in his California Supreme Court petition petitioner argued, albeit in a somewhat confusing and lengthy manner, that his appellate counsel provided ineffective assistance by failing to challenge the trial court's Miranda ruling, the rulings with respect to the traffic stop and a Terry stop and petitioner's warrantless arrest and warrantless search of his luggage, and/or his trial counsel's ineffective performance. (Id. at 6-9.)

1 However, petitioner did not exhaust his Claim 12 to the extent that it alleges that his appellate
2 counsel failed to raise prosecutorial error on appeal. (S. Ct. Pet., Attachment D at 6-9.) This is
3 so because a review of the petition filed with the California Supreme Court simply makes no
4 mention of the alleged failure to raise prosecutorial error on appeal as a basis for an petitioner's
5 ineffective assistance of counsel claim. (Id.) Thus, the record establishes that the latter aspect of
6 this claim was not presented to the California Supreme Court. However, for the reasons set forth
7 above, the undersigned also finds that petitioner specifically exhausted his Claim 13 (appellate
8 counsel failed to raise ineffective assistance of trial counsel on direct appeal) by squarely
9 presenting that claim in his petition to the California Supreme Court. (S. Ct. Pet., Attachment D
10 at 8-9.) Respondent's motion to dismiss for failure to exhaust therefore should be denied as to
11 Claim 12, construed narrowly as described above, and Claim 13.

### D. Prosecutorial Misconduct Claim

13 In his current Claim 10, petitioner alleges that the prosecution erroneously
14 destroyed a sample of his blood obtained by law enforcement on September 8, 2004, before the
15 sample could be "properly tested." (See Pet., Ex. G.) In his petition to the California Supreme
16 Court, petitioner mentioned the missing blood sample in the context of his claim of ineffective
17 assistance of trial counsel, alleging that his attorney failed to move for suppression of evidence
18 "even though counsel knew of lost or destroyed evidence . . . Blood sample petitioner voluntarily
19 gave[.] Any evidence given by the accused, then lost or destroyed, by the prosecution, must be
20 deemed favorable to the accused." (S. Ct. Pet., Attachment D at 1.) These allegations,
21 unaccompanied by any citation to legal authority or argument suggesting that petitioner was
22 attempting to raise a federal due process claim based on prosecutorial misconduct in connection
23 with the missing blood sample, were not sufficient to exhaust petitioner's Claim 10 by
24 presentation to the state high court. Thus, respondent's motion to dismiss petitioner's Claim 10
25 as unexhausted should be granted.
26 /////

E. Summary

In sum, the undersigned concludes that petitioner did not fairly present his Claims 1, 2, 4, 8, 10, 11, and 13 to the California Supreme Court before filing this federal habeas action. Because those claims are unexhausted, they should be dismissed. The court finds that petitioner's remaining claims for federal habeas relief have been exhausted, including Claim 12 to the extent that it concerns only appellate counsel's failure to challenge various alleged trial court errors, not including prosecutorial misconduct issues. Therefore, the court will recommend that respondent's motion to dismiss be granted only as to petitioner's unexhausted claims identified above. This habeas action will proceed only on petitioner's properly exhausted claims identified above. See Grazide v. McEwen, No. 1:07-cv-00735 MJS HC, 2010 WL 4791637, at *4 (E.D. Cal. Nov. 17, 2010) (where petitioner had the opportunity to exhaust unexhausted claims in a mixed petition but had failed to do so, dismissing unexhausted claims and proceeding on exhausted claims without requiring the filing of an amended petition containing only exhausted claims); Lopez v. Brown, No. C 08-2489 RMW (PR), 2009 WL 4723727, at *1-2 (N.D. Cal. Dec. 8, 2009) (because stay and abeyance not found not to be appropriate in this case, unexhausted claims stricken from federal petition and respondent directed to file an answer addressing the exhausted claim); see also Jones v. Clay, No. C 09-1066 WHA (PR), 2010 WL 144367, at *1 (N.D. Cal. Jan. 11, 2010) (striking an unexhausted claim and directed respondent to respond to the exhausted claim set forth in the federal habeas petition).[4]

/////

---

[4] Although not specifically requested by petitioner, the court has considered whether he could seek a stay and abeyance while exhausting his unexhausted claims in state court pursuant to the decision in Rhines. However, as was the case with respect to petitioner's earlier request for stay and abeyance, he has not provided sufficient facts and information to satisfy the good cause, merit, and diligence requirements of Rhines, as addressed in this court's order of October 27, 2009. (Doc. No. 12 at 3-4.) Thus, stay and abeyance is not available to petitioner. Under these circumstances proceeding only on the pro se petitioner's exhausted claims, rather than requiring him to file a second amended petition alleging only those exhausted claims identified above is appropriate.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 14, 2010 motion to dismiss (Doc. No. 29) be granted in part;

2. The following claims and any included sub-claims be dismissed as unexhausted: Claims 1, 2, 4, 8, 10, 11, and 13;

3. Respondent directed to file a response to petitioner's habeas petition addressing the remaining, properly exhausted claims identified above within sixty days from the date of any order adopting these findings and recommendations.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases; and

4. Petitioner' be directed to file a reply, if any, within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:03
wrig2543.mtd