IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON JAMES WRIGHT,

    Petitioner,                    2: 09 - cv - 2543 - KJM TJB

    vs.

J HAMLET,

    Respondent.                ORDER, FINDINGS AND

                                          RECOMMENDATIONS

_____ /

       Petitioner, Gordon James Wright, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted on two felony counts, one count of transporting methamphetamine (Cal. Health & Safety Code § 11379(a)) and one count of possessing methamphetamine for sale (*Id.* § 11378), and two misdemeanor counts, one count of possessing drug paraphernalia (*Id.* § 11364) and one count of possessing less than 28.5 grams of marijuana (*Id.* § 11357(b)).

       In his amended petition for habeas corpus, Petitioner raises thirteen grounds for relief. By previous order, the court dismissed claims one, two, four, eight, ten, eleven, and thirteen for failure to exhaust state court remedies. *See* Docket Nos. 39 & 43. Thus, Petitioner has six

1

remaining claims for relief; specifically: (1) the trial court erred in allowing the hearsay testimony in violation of Petitioner's right to confront the witnesses against him ("Claim III"); (2) his trial counsel was ineffective for failing to challenge Petitioner's arrest on the basis that the arresting officers lacked probable cause ("Claim V"); (3) his trial counsel was ineffective for failing to seek suppression of the evidence seized as a result of the allegedly unlawful arrest ("Claim VI"); (4) his trial counsel was ineffective for failing to obtain records from the California Department of Motor Vehicles and doctor's reports which would have shown that the arrest was lacking in probable cause ("Claim VII"); (5) his trial counsel was ineffective for failing to file a motion to dismiss and for failing to file a peremptory challenge against the trial judge ("Claim IX"); and, (6) his appellate counsel was ineffective for failing to raise Claim III on direct appeal[1] ("Claim XII").  For the reasons stated herein, the federal habeas petition should be denied.

## I.  FACTUAL BACKGROUND

On September 8, 2004, a task force of law enforcement officers were performing probation and parole searches in and around Redding, California. Rep.'s Tr. at 88.  Members of the task force went to a local apartment complex to search for a wanted individual. *Id.*  The target individual was not at the location, and some officers moved away from the area to set up surveillance in case the wanted individual returned to the apartment. *Id.*  Officer Joseph Jones sat in his vehicle in the apartment complex's parking lot. *Id.* at 91.  After several minutes, Officer Jones watched as a red Ford Tempo entered the parking lot and parked about twenty to thirty feet away from him. *Id.*  Petitioner exited the vehicle and began walking towards the apartment that was under investigation. *Id.* at 97.

Officer Jones went to speak with Petitioner and concluded, based on his observation and

---

[1] In the court's previous order on Respondent's motion to dismiss, this claim was dismissed to the extent that it claimed Petitioner's appellate counsel failed to raise claims of prosecutorial misconduct.  *See* Docket No. 39, at 15.

interaction with Petitioner, that Petitioner was under the influence of drugs or alcohol. *Id.* at 98. Officer Jones requested assistance from other officers who were at the scene as he checked Petitioner's history on his computer. One of the officers who responded was Special Agent Supervisor Dan Callahan, who was assigned to the Bureau of Narcotics Enforcement at the California Department of Justice. Like Officer Jones, Callahan believed Petitioner was under the influence of a controlled substance, and Petitioner was placed under arrest. *Id.* at 121, 124.

After placing Petitioner under arrest, officers performed a search of Petitioner's vehicle. Inside a bag resting on the passenger seat, officers discovered methamphetamine, syringes, marijuana, and a pipe. *Id.* at 143.

Petitioner was charged with transporting methamphetamine, possession of methamphetamine, possession of drug paraphernalia, possession of less than 28.5 grams of marijuana, being under the influence of a controlled substance, and driving under the influence of a controlled substance. *See* Lodged Doc (Appellant's Petition for Review to California Supreme Court, Ex. A [Court of Appeal's Opinion]) at 1-2. The jury found petitioner not guilty of being under the influence of a controlled substance and a mistrial was declared as to the driving under the influence charge. *Id.* Petitioner was convicted on the remaining counts. *Id.*

## II. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of,

3

clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. 2254(d); *Perry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

In applying AEDPA's standards, the federal court must "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008) (citations omitted). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). To the extent no such reasoned opinion exists, courts must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law, and whether the state court's decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "When it is clear, however, that the state court has not decided an issue, we review that question *de novo*." *Reynoso v.Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citing *Rompilla v. Beard*, 545 U.S. 374, 377 (2005).

### III. ANALYSIS OF PETITIONER'S CLAIMS

1. Claim III

In Claim III, Petitioner asserts that he was denied his opportunity to confront the witnesses against him guaranteed under the Sixth Amendment. Petitioner also claims that the testimony that was received into evidence violated state evidentiary law as it was inadmissable hearsay. Based upon the portions of the record attached as exhibits to the petition, it appears

Petitioner is complaining about the testimony of Agent Rudd, who was present during the search of the vehicle.

Agent Rudd, who was the officer in charge of the investigation, testified as follows:

> Q (by defense counsel): Yeah. Was the pouch in the larger fishing bag when you first saw it?
>
> A: I don't recall if it was or not.
>
> Q: Okay. So, the bag that had the methamphetamine in it, that bag had methamphetamine in it when you first looked at it, correct?
>
> A: That's correct.
>
> Q: But you don't recall whether – where it was when you first saw it or was it –
>
> A: *I just know my commander told me that this is what was found in the bag.* And like I said, everything was brought out onto the hood of the car. Everything was removed from the bag and placed on the hood of the car.
>
> Q: Your Honor, I'd be willing to stipulate to its admission with an admonition that part of that foundation should not be received for the truth of the matter asserted, because it is hearsay.
>
> The Court: Well, in this instance, in light of the state of the evidence as revealed on the record, I'll treat that as a tardy objection and – and as a motion to strike. And because of its tardiness, deny it.

Rep.'s Tr. at 175-76 (emphasis added). Apparently Petitioner's claim stems from the italicized sentence, claiming that he was not presented with the officer who actually discovered the bag in Petitioner's vehicle, but only the hearsay statement from another officer.

To the extent that Petitioner claims the trial court violated state evidentiary law by allowing the hearsay testimony, Petitioner's claim does not present a basis for granting federal habeas relief. A federal court may not collaterally review a state court evidentiary ruling unless it violates federal law, either by violating a specific constitutional provision or by infringing upon the due process right to a fair trial. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal habeas relief is not available for state law errors because the writ can only be granted for violations of

5

the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The issue for a federal court is "whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991); *see Marshall v. Lonberger*, 459 U.S. 422, 438, n. 6 (1983) ("[T]he Due Process clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."). As such, "[t]he admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Jonhson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (citing *Estelle*, 502 U.S. at 67-68).

To the extent Petitioner claims a violation of the Confrontation Clause, Petitioner's claim is equally without merit. Even if the above statement would violate the Confrontation Clause, Petitioner's claim fails because Petitioner did, in fact, have the opportunity to confront the officer who actually searched Petitioner's vehicle and recovered the bag which held the drugs. Commander Callahan testified, prior to Agent Rudd's testimony, that he searched Petitioner's vehicle after Petitioner was placed under arrest.

> Q: Okay. After Agent Abney gave you the money, at some point in time did you complete a search of Mr. Wright's vehicle after he had been arrested?
>
> A: Yes sir.
>
> Q: And what, if anything, do you recall finding?
>
> A: I found a green bag sitting on the right front passenger seat. Opening it up, ultimately found an amount of methamphetamine in powder form in various packets. There were syringes in there, two of which were loaded. There was an amount of marijuana. I believe there was a marijuana pipe. There were what I call pay-owes narcotic – or documentations, notations on paper, indicative of narcotics sales. I turned this all over to Agent Rudd.
>
> Q: Okay. So, you did the initial search, saw illegal things, in your mind, suspected methamphetamine and such, and then turned everything over to Agent Rudd?
>
> A: Yes, sir.

6

Rep.'s Tr. at 142-43.

Based on Commander Callahan's testimony, Petitioner fails to present claim for violation of the Confrontation Clause as he was, in fact, given the opportunity to confront the officer who searched and discovered the contraband in Petitioner's vehicle. As such, Petitioner is not entitled to relief on this claim.

2. Claims V, VI, VII, and IX

In Claim's V, VI, VII, and IX, Petitioner asserts that his trial counsel failed to provide the effective assistance of counsel guaranteed by the Sixth Amendment. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating ineffective assistance of counsel. First, the petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See id.* at 688. Petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *See id.* at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professional competent assistance. *See id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Second, a petitioner must affirmatively prove prejudice. *See id.* at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Id.* The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, __ U.S. __, 131 S.Ct 770, 791, 178 L.Ed.2d 624 (2011). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280

7

F.3d 949, 955 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 697).  When analyzing a claim for ineffective assistance of counsel where a state court has issued a decision on the merits, a habeas court's ability to grant the writ is limited by two "highly deferential" standards.  *Premo v. Moore*, __ U.S. __, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011).  "When § 2254(d) applies," as it does here, "the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*; *see also Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) ("Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly.  Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." (citations omitted)).

In Claim V, Petitioner asserts that his trial counsel was ineffective for failing to challenge his arrest for lack of probable cause.  Specifically, Petitioner claims that it was never proven by scientific evidence that he was under the influence of an illegal substance, that he was acquitted of the charge of being under the influence of a controlled substance and mistrial was declared as to the driving under the influence charge, and that the reasons the officers gave for their suspicion that Petitioner was under the influence of a controlled substance "have other valid explanations."

Petitioner misunderstands the probable cause standard.  The probable cause standard is a "practical, nontechnical conception."  *Brinegar v. United States*, 338 U.S. 160, 176 (1949).  "In dealing with probable cause, . . . as the very name implies, we deal with probabilities.  These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  *Id.* at 175; *see also Illinois v. Gates*, 462 U.S. 213, 231 (1983).  Probable cause to arrest "exists where 'the facts and circumstances within [the officers'] knowledge and of which they [have] reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has

8

1  been or is being committed" by the person to be arrested.  *Brinegar*, 338 U.S. at 175-76 (quoting
2  *Carrol v. United States*, 267 U.S. 132, 162 (1925) (alterations in orignal)).

3      In the present case, Officer Jones was waiting in his car when he saw Petitioner drive his
4  car into the same parking lot and park about twenty to thirty feet away.  Rep.'s Tr. at 92.  Officer
5  Jones had been trained to recognize individuals who are under the influence of drugs and alcohol.
6  *Id.* at 95.  Based upon this training and his initial observation of Petitioner, Officer Jones
7  believed Petitioner was showing "objective signs and symptoms" of being under the influence of
8  drugs or alcohol.  *Id.* at 96.  Specifically, Officer Jones noticed that Petitioner was having
9  difficulty keeping his eyes open, that his eyes were "very puffy, red and watery," that he was
10 having difficulty walking, and that his speech was slow and slurred to the point that it was
11 difficult to understand what he was saying.  *Id.* at 97-100.  Based upon his experience and
12 training, Officer Jones believed Petitioner was under the influence of drugs or alcohol.  *Id.* at
13 101, 103.  Officer Jones then turned the investigation over to Commander Callahan.  *Id.* at 115.

14     Like Officer Jones, Callahan believed, based upon his observation of Petitioner's
15 appearance and mannerisms prior to his arrest, that Petitioner was under the influence.  *Id.* at
16 121, 124.  Callahan observed that Petitioner was "extremely unsteady on his feet" and was
17 slurring his speech.  *Id.* at 125-26.

18     Petitioner has offered non-criminal reasons for his appearance.  He claims that he suffers
19 from hay fever that causes his eyes to become red and puffy, that is slurred speech is the result of
20 missing teeth, and that he has trouble walking due to a problem with his lower back that he has
21 had since 1996.  Even assuming that Petitioner is being truthful and that he was not under the
22 influence of drugs or alcohol at the time of his arrest, it does not negate the probable cause to
23 support his arrest.  Probable cause does not require an officer to be certain that a crime is or has
24 been committed, nor does it require the officer to believe so beyond a reasonable doubt; probable
25 cause merely requires that the officer has a reasonable belief that an offense is or has been
26 committed.  *Brinegar*, 338 U.S. at 175-76.  In the present case, it is a reasonable conclusion

based upon what the officers observed that Petitioner was under the influence of alcohol or a controlled substance. Petitioner's speech was slurred to the point he was difficult to understand, his eyes were red and puffy, and he was having difficulty walking. These are all common signs of intoxication to a reasonable person.

Because the arresting officers had the requisite probable cause to arrest Petitioner, any effort by his counsel to challenge the arrest for lack of probable cause would have been fruitless. As such, Petitioner cannot establish that he was prejudiced by his counsel's alleged ineffectiveness and, therefore, Petitioner is not entitled to relief on his fifth claim.

In Claim VI, Petitioner claims that his counsel was ineffective for failing to attempt to suppress the evidence found in his vehicle as the evidence was the fruit of the poisonous tree of an unlawful arrest. As discussed above, Petitioner's arrest, contrary to his assertion, was based on probable cause and lawful. Officer Jones witnessed Petitioner drive into the parking lot, park, and get out of the vehicle. Rep.'s Tr. at 92. Though Petitioner does not allege that the search was an invalid search incident to arrest, and only that the arrest was unconstitutional, it is likely that the trial court would have concluded that, under clearly established federal law at the time of the offense, the search was a valid search incident to arrest without a warrant. *See Chimel v. California*, 395 U.S. 752 (1969); *New York v. Belton*, 453 U.S. 454 (1981); *Thornton v. United States*, 541 U.S. 615, 617 (2004) (valid search incident to arrest even if the arrest occurs after the defendant left the vehicle).[2] Because Petitioner was lawfully arrested, any attempt to suppress evidence on the basis that is was the fruit of an unlawful arrest would have been meritless. Petitioner cannot establish prejudice on this ineffectiveness claim, and Claim VI should be denied.

In Claim VII, Petitioner alleges that his counsel was ineffective for failing to obtain

---

[2] More than a year after Petitioner's trial, the Supreme Court decided *Arizona v. Gant*, 556 U.S. 332 (2009), which limited when a search incident to arrest may be performed on a vehicle and, based upon the evidence adduced in this case, would have likely prohibited the search of Petitioner's vehicle.

D.M.V. and medical records to show that his arrest was lacking in probable cause.  It is unclear what effect the D.M.V. records would have had, as Petitioner was arrested for being under the influence of a controlled substance, independent of any issue with his vehicle registration.  Additionally, the doctor's report, which Petitioner attaches as Exhibit D to his Petition and states that he suffered from lower back problems causing him to have difficulty walking, has no effect upon the probable cause determination.  Whether an arrest is supported by probable cause is determined by reference to the arresting officer's knowledge *at the time of the arrest*.  *Brinegar*, 338 U.S. at 175-76.  Evidence obtained at a later time which shows that the arrestee's acts were lawful does not make the arrest illegal so long as the officer had probable cause at the time of the arrest.

In the present case, the officers did not have access to Petitioner's medical records before making the arrest.  Petitioner was free to argue at trial that the evidence did not support a conviction for being under the influence or driving under the influence.  He successfully did so and was not convicted of either of those charges.  That does not, however, negate the probable cause to arrest him or require suppression of the evidence discovered as the result of a lawful search incident to arrest.  As with his previous ineffectiveness claims, Petitioner fails to show how his counsel's failure to investigate his D.M.V. and medical records would have likely changed the result of his trial, as they would have had no bearing upon the probable cause determination.  Petitioner is not entitled to relief on this claim.

In Claim IX, Petitioner alleges that his counsel was ineffective and should have filed a motion to dismiss on the grounds that his arrest was illegal or that the prosecution destroyed evidence.  Petitioner also claims that his counsel should have filed a peremptory challenge against the trial judge.  As discussed above, Petitioner's arrest was lawful.  Any motion to dismiss on that ground would have been denied.  Petitioner's second contention, relating to the destruction of evidence, apparently relates to a sample of Petitioner's blood taken after he was arrested that Petitioner claims was later destroyed by the police.  However, even if the alleged

blood sample was destroyed by the police, Petitioner was not convicted on the under the influence charges, the only charges which the blood sample could have provided exculpatory evidence.  As to Petitioner's third contention, that his counsel should have sought a peremptory challenge against the trial judge, Petitioner provides no argument as to how the failure to seek the peremptory challenge negatively affected the outcome of his trial, and therefore fails to show how the failure to do so prejudiced his defense in any way.  For the reasons above, Petitioner fails to show that he was prejudiced by any alleged failures of his trial counsel.  Petitioner is not entitled to relief on Claim IX, his final ineffective assistance of trial counsel claim.

       3.  Claim XII

In Claim XII, Petitioner alleges that his appellate counsel was ineffective for failing to raise Claim III on direct appeal.  As discussed above, Petitioner claims that the trial court impressibly allowed testimony in violation of state evidentiary law and the Confrontation Clause. The *Strickland* standard for ineffective assistance of counsel, discussed above, applies equally to claims of ineffective appellate counsel.  *See Smith v. Robbins*, 528 U.S. 259, 288-89 (2000).  A defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

As discussed above, to the extent that Petitioner claims a violation of the Confrontation Clause his claim is without merit as he had an opportunity to confront the officer who actually searched Petitioner's car and discovered the contraband.  As to Petitioner's state law hearsay claim, Petitioner fails to show how excluding the hearsay testimony would have likely changed the outcome of his trial.  As discussed above in Claim III, while the court allowed the hearsay statement about what Commander Callahan discovered in Petitioner's vehicle, Callahan himself also testified about what he discovered.  As such, the hearsay statement was duplicative of testimony that had already been introduced into evidence.  Petitioner fails to establish that he was prejudiced by his appellate counsel's determination not to raise this claim on direct appeal.

1  Petitioner is not entitled to relief on this, his final, claim.

## IV.  REQUEST FOR AN EVIDENTIARY HEARING

Finally, Petitioner requests an evidentiary hearing on his Claims.  A court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims, and if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005).  A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." *Earp*, 431 F.3d at 1167 (citations omitted).  To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).  In this case, Petitioner's claims are readily determined by the record.  Petitioner has not alleged any additional facts that, if true, would entitle him to relief and, therefore, Petitioner fails to demonstrate that he has a colorable claim for federal habeas relief.  Moreover, the Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398, 1400 (2011).  Thus, his request will be denied.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for an evidentiary hearing is DENIED.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections

1 | with the court and serve a copy on all parties.  Such a document should be captioned "Objections
2 | to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be
3 | served and filed within seven days after service of the objections.  The parties are advised that
4 | failure to file objections within the specified time may waive the right to appeal the District
5 | Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file,
6 | Petitioner may address whether a certificate of appealability should issue in the event he elects to
7 | file an appeal from the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254
8 | Cases (the district court must issue or deny a certificate of appealability when it enters a final
9 | order adverse to the applicant).

DATED:  June 29, 2012

                                      TIMOTHY J BOMMER
                                      UNITED STATES MAGISTRATE JUDGE